IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.B. STELL GAINES, SR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0778-R |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner J.B. Stell Gaines, Sr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals and petitioner should be sanctioned for abuse of the judicial process.

I.

In 1975, petitioner pled guilty to possession of cocaine and was sentenced to five years confinement.  Twenty years later, long after he completed his five-year sentence, petitioner was indicted in separate cases of aggravated robbery and possession of less than one gram of cocaine. Both indictments contained an enhancement paragraph based on petitioner's prior drug conviction. In 1998, petitioner pled *nolo contendere* to the new charges and was placed on 10 years deferred adjudication probation.  Thereafter, petitioner was charged with an unspecified probation violation. The trial court revoked his probation, found petitioner guilty of the underlying offenses, and sentenced him to 15 years confinement in each case.  His convictions and sentences were affirmed

on direct appeal. *Gaines v. State*, No. 05-98-01755-CR, 2000 WL 375250 (Tex. App.--Dallas, Apr. 13, 2000, no pet.). An online search reveals that petitioner collaterally attacked his various convictions in at least 22 different writs at the state level, all of which either were denied or dismissed. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp (search "Gaines" in "style" field).

In 1999, petitioner filed two federal writs challenging his aggravated robbery conviction, his second drug conviction, and another conviction for burglary of a building. Both cases were dismissed without prejudice for failure to exhaust administrative remedies. *Gaines v. Johnson*, No. 3-99-CV-0034-X (N.D. Tex. Mar. 2, 1999), *appeal dism'd*, No. 99-10413 (5th Cir. Jul. 13, 1999); *Gaines v. Johnson*, No. 3-99-CV-2760-D (N.D. Tex. May 23, 2000), *COA denied*, No. 00-10621 (5th Cir. Oct. 18, 2000). Petitioner filed a third federal writ on July 15, 2002. That case, which involved only his 1975 conviction for cocaine possession, was dismissed for lack of subject matter jurisdiction. *Gaines v. Cockrell*, No. 3-02-CV-1487-H, 2002 WL 2030728 (N.D. Tex. Aug. 30, 2002). Later that year, petitioner filed two more federal writs challenging his aggravated robbery conviction.[1] Those cases were consolidated and dismissed on limitations grounds. *Gaines v. Cockrell*, Nos. 3-02-CV-2003-G & 3-02-CV-2374-G, 2003 WL 222444 (N.D. Tex. Jan. 28, 2003), *COA denied*, No. 03-10292 (5th Cir. Jun. 4, 2003). On June 1, 2004, petitioner filed a sixth federal writ challenging his aggravated robbery conviction and second drug conviction. That case was dismissed as successive. *Gaines v. Dretke*, No. 3-04-CV-1185-D, 2005 WL 1540192 (N.D. Tex. Jun. 30, 2005), *rec. adopted*, 2005 WL 1799518 (N.D. Tex. Jul. 27, 2005).

---

[1] Petitioner filed a federal writ in the Dallas Division of the Northern District of Texas on September 16, 2002. Three weeks later, he challenged the same conviction on similar grounds in a writ filed in the Houston Division of the Southern District of Texas. *Gaines v. Cockrell*, No. H-02-3811. The Houston case was subsequently transferred to this court where it was consolidated with the first-filed action.

Undeterred, petitioner filed the instant case on March 1, 2006 challenging his aggravated robbery conviction and second drug conviction on the ground that the state courts failed to issue "written opinions" as required by Texas law.[2]  Before addressing this claim, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2244(b)(2).  This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court.  *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.  Petitioner must obtain such an order before this case is filed.[3]

---

[2] Petitioner raised the same argument in a writ of mandamus filed on October 18, 2004.  That case was summarily dismissed as frivolous.  *Gaines v. Dretke*, No. 3-04-CV-2240-P, 2004 WL 2434484 (N.D. Tex. Oct. 29, 2004), *rec. adopted*, 2004 WL 2607776 (N.D. Tex. Nov. 15, 2004).

[3] Petitioner attempts to circumvent the prohibition against filing successive federal habeas petitions by asking the court to "[a]llow this cause to proceed under the Statutory provisions of 28 U.S.C. § 2241(c)(3)." (Hab. Pet. at 35). However, petitioner may not utilize section 2241 merely to avoid the procedural limitations applicable to 2254 actions.  *See Branch v. Dretke*, No. 3-03-CV-2607-H, 2004 WL 1877798 at *1 (N.D. Tex. Aug. 20, 2004), *rec. adopted*, 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004).  Because petitioner is challenging a state conviction, he must proceed under 28 U.S.C. § 2254.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary penalties and restrictions on the ability to file *in forma pauperis* without leave of court. *Id.* (citing cases).

As a result of his abusive litigation practices, petitioner was recently warned that:

> [I]f he files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

*Gaines*, 2005 WL 1540192 at *5. Less than eight months after the dismissal of his last federal writ and the stern warning issued by the court, petitioner filed another successive habeas petition. This contumacious conduct warrants the imposition of sanctions.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals. In addition, petitioner should be sanctioned $100.00 and barred from filing any additional habeas actions in federal court, either under

28 U.S.C. § 2241 or 28 U.S.C. § 2254, without prior authorization from the Fifth Circuit Court of Appeals or, in the case of a section 2241 application, prior approval of a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE